UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
DENNIS SANCHEZ on behalf of himself and
all others similarly situated

                        Plaintiff,

           -against-

NORTHSTAR LOCATION SERVICES, LLC

                    Defendant.
-----------------------------------------------------------

CV 09 0321

BLOCK, J.

GOLD, M.

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Dennis Sanchez seeks redress for the illegal practices of Northstar Location Services, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt

4. Upon information and belief, Northstar Location Services, LLC is a New York corporation with its principal place of business located in Cheektowaga, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and collection contacts were directed into this district.

### *Allegations Particular to Dennis Sanchez which are common to Class*

9. Upon information and belief, on a date better known by defendant, defendant began to attempt to collect an alleged consumer debt from the plaintiff.

10. Defendant sent the plaintiff an initial letter dated June 6, 2008.

11. On or about June 26, 2008 the plaintiff spoke with Jack Stewart, a collection representative employed by the defendant.

12. Stewart told the plaintiff that plaintiff must pay the amount stipulated by July 2nd or face legal action.

13. Stewart told the plaintiff that Stewart would take him to court, force the plaintiff to pay the full amount immediately, along with the court costs, legal fees, and, as well, destroy the plaintiff's credit rating.

14. The plaintiff indicated that with a prior agency, he had requested an itemized statement of the bills and a copy of the note, the same note that Steward referenced on which the plaintiff had defaulted.

15. Stewart ignored the plaintiff's reasonable and appropriate issues that plaintiff had raised with Stewart.

16. Stewart did not address the plaintiff's statement.

17. In a nasty tone, Stewart responded that plaintiff would not be able to contest the debt in court because defendant had the backing of corporate lawyers who would win the decision in their favor.

18. Stewart contradicted the plaintiff's right to dispute the debt for the entire initial thirty day period.

19. Stewart engaged in false threats and a campaign to intimidate the plaintiff into paying the debt.

20. Stewart engaged in a campaign to get the plaintiff to believe that the plaintiff had no defenses to the debt.

21. Corporate lawyers are generally not litigators.

22. Upon information and belief, Stewart did not single out the plaintiff to engage in Stewart's campaign of false threats and intimidation.

23. The plaintiff spoke with Stewart in a not confrontational manner.

24. Upon information and belief, Stewart routinely engages in conversations with debtors within the initial thirty day period, and engages in tactics to contradict the consumers' rights to

25. Upon information and belief, Stewart engages in tactics to have debtors believe that a lawsuit against them will automatically lead to a judgment.

26. Plaintiff suffered distress over the fashion in which Stewart spoke with the plaintiff

27. Said tactics are in violation of 15 U.S.C. §§ 1692g, 1692e(5) and 1692e(10) for contradicting rights, engaging in false threats and deceptive representations.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

28. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-27 as if set forth fully in this cause of action.

29. This cause of action is brought on behalf of plaintiff and the members of a class.

30. The class consist of consumers who received a message from the defendant which did not set forth that the call was a communication from a debt collector.

31. The Class consists of all persons whom Defendant's records reflect resided in the New York State and (a) who spoke with Jack Stewart similar to the conversation with the plaintiff on or about June 26, 2008 (b) the conversation concerning the seeking payment of an alleged debt; and (c) that the content of the conversation contained violations of 15 U.S.C. §§ 1692e(5) and 1692e(10).

32. A sub-class exists for those members who spoke with Jack Stewart during the initial thirty day period where the conversation violated 15 U.S.C. §§ 1692g and 1692e(10).

33. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that policy mandated or common mode of debt collection during telephone conversations are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members.

(C) The only individual issue is the identification of the consumers who spoke with Jack Stewart, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

34. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

35. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

36. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

37. The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

38. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on behalf of the members of the class, and against the defendant and award damages as follows:

 (a) Statutory (and actual damages for the named plaintiff) provided under the FDCPA, 15 U.S.C. 1692(k);

 (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

 (c) Any other relief that this Court deems appropriate and just under the circumstances.

 Dated: Cedarhurst, New York
   January 21, 2009

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)